FILED

2008 FEB 19  PM 12: 14

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF
LOS ANGELES

BY _____

1  TERRY KEARNEY, State Bar No. 160054
   tkearney@wsgr.com
2  JULIE M. HOLLOWAY, State Bar No. 196942
   jholloway@wsgr.com
3  WILSON SONSINI GOODRICH & ROSATI, P.C.
   650 Page Mill Road
4  Palo Alto, CA 94304-1050
   Telephone: (650) 493-9300
5  Facsimile:  (650) 493-6811

BY FAX

6  TUNG-ON KONG, State Bar No. 205871
   tkong@wsgr.com
7  WILSON SONSINI GOODRICH & ROSATI, P.C.
   One Market Street
8  Spear Tower, Suite 3300
   San Francisco, CA 94105-1126
9  Telephone: (415) 947-2000
   Facsimile:  (415) 947-2099
10
   Attorneys for Plaintiff
11 NUANCE COMMUNICATIONS, INC.

12              UNITED STATES DISTRICT COURT

13             CENTRAL DISTRICT OF CALIFORNIA

14                    WESTERN DIVISION

15 NUANCE COMMUNICATIONS, INC., a )   CASE NO.: **CV08-01097**
   Delaware Corporation,          )
16                                 )   **COMPLAINT FOR PATENT
                                   )   INFRINGEMENT, TRADE
17          Plaintiff,             )   DRESS INFRINGEMENT,
                                   )   UNFAIR COMPETITION,
18      v.                         )   AND FALSE AND
                                   )   DECEPTIVE ADVERTISING**
19 ABBYY SOFTWARE HOUSE, a Russian )
   Corporation;                    )
20                                 )   **DEMAND FOR JURY TRIAL**
   ABBYY USA SOFTWARE HOUSE, a     )
21 California Corporation          )
                                   )   BY FAX
22 LEXMARK INTERNATIONAL, INC., a  )
   Delaware Corporation            )
23 _____Defendants._____ )

VBF
(FFMx)

24      Nuance Communications, Inc. ("Nuance") hereby alleges for its complaint

25 against defendants ABBYY Software House, ABBYY USA Software House, Inc.

26 (collectively "ABBYY") and Lexmark International, Inc. ("Lexmark") on personal

27 knowledge as to its own actions and upon information and belief as to actions of

28 others, as follows:

1

## NATURE OF THE LAWSUIT

2       1.    This action involves claims for patent infringement arising under the

3 patent laws of the United States, Title 35 of the United States Code, for damages

4 and injunctive relief pursuant to 35 U.S.C. §§ 1 *et seq,* claims for trade dress

5 infringement arising under the Lanham Act, Title 15 of the United States Code, for

6 damages and injunctive relief pursuant to 15 U.S.C. §§ 1125 *et seq.* and arising

7 under the common law of California, and claims for unfair competition and false

8 advertising arising under California Business and Professions Code §§ 17200 *et*

9 *seq.*, California Business and Professions Code §§ 17500 *et seq.*, and the common

10 law of California. This Court has subject matter jurisdiction based on 28 U.S.C. §§

11 1331 and 1338(a). Venue is based on 28 U.S.C. §§ 1391 and 1400(b).

12

## THE PARTIES

13       2.    Nuance is a corporation organized and existing under the laws of the

14 state of Delaware with its principal place of business at 1 Wayside Road

15 Burlington, Massachusetts 01803.

16       3.    Upon information and belief, ABBYY Software House ("ABBYY

17 Russia") is a corporation organized under the laws of the Federation of Russia,

18 with its principal place of business at Str. 1, 11 Kasatkina Ul., Moscow 129301,

19 Russia.

20       4.    Upon information and belief, ABBYY USA Software House, Inc.

21 ("ABBYY USA") is a corporation organized under the laws of the State of

22 California, with its principal place of business at 47221 Fremont Blvd., Fremont,

23 California 94538.

24       5.    Upon information and belief, Lexmark is a corporation organized

25 under the laws of the State of Delaware, with its principal place of business at One

26 Lexmark Centre Drive, 740 West New Circle Road, Lexington, Kentucky 40550.

27

## NUANCE'S PATENTS

28

6.     Nuance is the owner by assignment of United States Patent No. 5,131,053 ("the '053 patent"), which was duly and legally issued by the United States Patent and Trademark Office on July 14, 1992.

7.     Nuance is the owner by assignment of United States Patent No. 5,381,489 ("the '489 patent"), which was duly and legally issued by the United States Patent and Trademark Office on January 10, 1995.

8.     Nuance is the owner by assignment of United States Patent No. 5,436,983 ("the '983 patent"), which was duly and legally issued by the United States Patent and Trademark Office on July 25, 1995.

9.     Nuance is the owner by assignment of United States Patent No. 6,038,342 ("the '342 patent"), which was duly and legally issued by the United States Patent and Trademark Office on March 14, 2000.

10.    Nuance is the owner by assignment of United States Patent No. 5,261,009 ("the '009 patent"), which was duly and legally issued by the United States Patent and Trademark Office on November 9, 1993.

## NUANCE'S TRADE DRESS

11.    Nuance offers its optical character recognition ("OCR") software products in distinctive packaging.  This packaging features a combination of elements, including the layout of the graphic elements in the center of the box surrounded by a block of color in deep red or blue (indicating whether the software is the high-end professional version or the standard version), which wraps around to the top of the side panel of the box, the name of the product in black text with a distinctive font in the white area below the color block and down the side panel of the box, and bright red text in the same font indicating the version of the software below the black text (the "Nuance Packaging Trade Dress").

12.    Nuance has used the Nuance Packaging Trade Dress continuously in connection with multiple versions of its OCR software products offered throughout the U.S. since at least as early as June 2001.

1      13.    Nuance has sold thousands of copies of its software in the Nuance

2 Trade Dress Packaging. This software is sold at numerous outlets, including large

3 office supply and software retailers such as CompUSA.

4      14.    As a result of the widespread marketing, promotion, and sale of

5 Nuance's products, the Nuance Packaging Trade Dress has acquired secondary

6 meaning in connection with the sale of software products, and is strongly

7 associated with Nuance in the minds of the general public.

8                   **JURISDICTION AND VENUE**

9      15.    This Court has subject matter jurisdiction based on 28 U.S.C. §§ 1331

10 and 1338(a). Venue is based on 28 U.S.C. §§ 1391 and 1400(b).

11                            **ABBYY**

12      16.    Upon information and belief, defendants ABBYY Russia and

13 ABBYY USA (collectively, "ABBYY") design, develop, manufacture, and/or sell

14 software products for performing optical character recognition.

15      17.    Upon information and belief ABBYY sells its software products for

16 performing OCR through retail stores in Central District of California, including

17 Fry's stores. A copy of ABBYY's software product for performing OCR has been

18 purchased from a Fry's store located in Woodland Hills, California, a location that

19 is within the Central District of California.

20      18.    Upon information and belief, ABBYY advertises its software products

21 for performing OCR via webpages, http://www.abbyy.ru/ and

22 http://www.abbyy.com/.

23      19.    Upon information and belief, ABBYY's http://www.abbyy.com/

24 webpage also includes an "online store," http://www.abbyyusa.com/shop/, which

25 allows any online customer (including customers in the Central District of

26 California) to purchase ABBYY's software products for performing OCR directly

27 from ABBYY.

28

20.    Upon information and belief, ABBYY markets and sells its software products for performing OCR through third party online retailers including at least Amazon.com, CDW.com, and Buy.com.

21.    A copy of ABBYY's software product for performing OCR has been purchased through Amazon.com and for delivery to Woodland Hills, California, a location that is within the Central District of California.

22.    Upon information and belief, ABBYY markets and sells its software products for performing OCR through distributors and value added resellers ("VARs") located within the Central District of California including at least Ingram Micro, CAF Technology, Ocean Interface Co., and Formtran.

23.    Upon information and belief, defendants ABBYY Russia and ABBYY USA transact business and have directly and/or indirectly provided to customers in this judicial district and throughout the State of California software products for performing OCR that infringe the '053, '489, '983, '342, and '009 patents.

24.    This Court has personal jurisdiction over defendants ABBYY Russia, and ABBYY USA.

**Lexmark**

25.    Upon information and belief, defendant Lexmark designs, develops, manufactures, and/or sells devices for performing OCR.

26.    Upon information and belief, Lexmark markets and sells its devices for performing OCR through retail stores in Central District of California including at least Circuit City stores throughout the district.

27.    Upon information and belief, Lexmark maintains a webpage, http://www.lexmark.com/lexmark/site/home/0,6932,204816596_0_0_en,00.html, which advertises Lexmark's devices for performing OCR.

28.    Upon information and belief, Lexmark's "online store," http://www.lexmarkstore.com/store/lexmark/DisplayHomePage, allows any online

1  customer (including customers in the Central District of California) to purchase
2  devices for performing OCR directly from Lexmark.

3       29.    Upon information and belief, Lexmark markets and sells its devices
4  for performing OCR through third party online retailers including at least
5  Amazon.com, CDW.com and Buy.com.

6       30.    Upon information and belief, defendant Lexmark transacts business
7  and has directly and/or indirectly provided to customers in this judicial district and
8  throughout the State of California devices for performing OCR that infringe the
9  '053, '489, '983, '342,and '009 patents.

10      31.    This Court has personal jurisdiction over defendant Lexmark.

11 **COUNT ONE – INFRINGEMENT OF THE '053 PATENT**

12      32.    ABBYY Russia and ABBYY USA have each infringed and are
13 continuing to infringe one or more claims of the '053 patent directly, contributorily,
14 and/or by inducement, by making, using, selling and/or offering to sell in this
15 country, and/or importing into this country software for performing OCR including
16 at least the FineReader line of products, in violation of 35 U.S.C. § 271.

17      33.    Lexmark has infringed and is continuing to infringe one or more
18 claims of the '053 patent directly, contributorily, and/or by inducement, by
19 making, using, selling and/or offering to sell in this country, and/or importing into
20 this country devices for performing OCR including at least the P4350, X2470,
21 X3470, X3550, X4270, X4550, X5450, X5470, X7350, X8350, X9350, X9575,
22 X342n, X500n, and X502n, in violation of 35 U.S.C. § 271.

23      34.    Upon information and belief, ABBYY Russia's, ABBYY USA's and
24 Lexmark's infringement of the '053 patent is willful and deliberate, thereby
25 rendering this an exceptional case pursuant to 35 U.S.C. §§ 284 and 285.

26      35.    Nuance has been damaged by ABBYY Russia's, ABBYY USA's and
27 Lexmark's infringing activities and will be irreparably injured unless such
28 infringing activities are enjoined by this Court.

## COUNT TWO – INFRINGEMENT OF THE '489 PATENT

36.     ABBYY Russia and ABBYY USA have each infringed and are continuing to infringe one or more claims of the '489 patent directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country software for performing OCR including at least the FineReader line of products, in violation of 35 U.S.C. § 271.

37.     Lexmark has infringed and is continuing to infringe one or more claims of the '489 patent directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country devices for performing OCR including at least the P4350, X2470, X3470, X3550, X4270, X4550, X5450, X5470, X7350, X8350, X9350, X9575, X342n, X500n, and X502n, in violation of 35 U.S.C. § 271.

38.     Upon information and belief, ABBYY Russia's, ABBYY USA's and Lexmark's infringement of the '489 patent is willful and deliberate, thereby rendering this an exceptional case pursuant to 35 U.S.C. §§ 284 and 285.

39.     Nuance has been damaged by ABBYY Russia's, ABBYY USA's and Lexmark's infringing activities and will be irreparably injured unless such infringing activities are enjoined by this Court.

## COUNT THREE – INFRINGEMENT OF THE '983 PATENT

40.     ABBYY Russia and ABBYY USA have each infringed and are continuing to infringe one or more claims of the '983 patent directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country software for performing OCR including at least the FineReader line of products, in violation of 35 U.S.C. § 271.

41.     Lexmark has infringed and is continuing to infringe one or more claims of the '983 patent directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country devices for performing OCR including at least the P4350, X2470,

1  X3470, X3550, X4270, X4550, X5450, X5470, X7350, X8350, X9350, X9575,
2  X342n, X500n, and X502n, in violation of 35 U.S.C. § 271.

3      42.    Upon information and belief, ABBYY Russia's, ABBYY USA's and
4  Lexmark's infringement of the '983 patent is willful and deliberate, thereby
5  rendering this an exceptional case pursuant to 35 U.S.C. §§ 284 and 285.

6      43.    Nuance has been damaged by ABBYY Russia's, ABBYY USA's and
7  Lexmark's infringing activities and will be irreparably injured unless such
8  infringing activities are enjoined by this Court.

9  **COUNT FOUR – INFRINGEMENT OF THE '342 PATENT**

10      44.    ABBYY Russia and ABBYY USA have each infringed and are
11  continuing to infringe one or more claims of the '342 patent directly, contributorily,
12  and/or by inducement, by making, using, selling and/or offering to sell in this
13  country, and/or importing into this country software for performing OCR including
14  at least the FineReader line of products, in violation of 35 U.S.C. § 271.

15      45.    Lexmark has infringed and is continuing to infringe one or more
16  claims of the '342 patent directly, contributorily, and/or by inducement, by
17  making, using, selling and/or offering to sell in this country, and/or importing into
18  this country devices for performing OCR including at least the P4350, X2470,
19  X3470, X3550, X4270, X4550, X5450, X5470, X7350, X8350, X9350, X9575,
20  X342n, X500n, and X502n, in violation of 35 U.S.C. § 271.

21      46.    Upon information and belief, ABBYY Russia's, ABBYY USA's and
22  Lexmark's infringement of the '342 patent is willful and deliberate, thereby
23  rendering this an exceptional case pursuant to 35 U.S.C. §§ 284 and 285.

24      47.    Nuance has been damaged by ABBYY Russia's, ABBYY USA's and
25  Lexmark's infringing activities and will be irreparably injured unless such
26  infringing activities are enjoined by this Court.

27  **COUNT FIVE – INFRINGEMENT OF THE '009 PATENT**

28

48.     ABBYY Russia and ABBYY USA have each infringed and are continuing to infringe one or more claims of the '009 patent directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country software for performing OCR including at least the FineReader line of products, in violation of 35 U.S.C. § 271.

49.     Lexmark has infringed and is continuing to infringe one or more claims of the '009 patent directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country devices for performing OCR including at least the P4350, X2470, X3470, X3550, X4270, X4550, X5450, X5470, X7350, X8350, X9350, X9575, X342n, X500n, and X502n, in violation of 35 U.S.C. § 271.

50.     Upon information and belief, ABBYY Russia's, ABBYY USA's and Lexmark's infringement of the '009 patent is willful and deliberate, thereby rendering this an exceptional case pursuant to 35 U.S.C. §§ 284 and 285.

51.     Nuance has been damaged by ABBYY Russia's, ABBYY USA's and Lexmark's infringing activities and will be irreparably injured unless such infringing activities are enjoined by this Court.

## COUNT SIX – INFRINGEMENT OF NUANCE'S TRADE DRESS IN
## VIOLATION OF 15 U.S.C. § 1125(a)
### (Against ABBYY Russia and ABBYY USA)

52.     Nuance repeats and realleges the allegations of paragraphs 11 through 14.

53.     In or about June 2002, ABBYY Russia and ABBYY USA changed the packaging design of its OCR software products, and willfully adopted the Nuance Packaging Trade Dress in connection with the unauthorized advertisement and sale of their own competing software products. ABBYY Russia and ABBYY USA have adopted variations of the Nuance Packaging Trade Dress on multiple

1  versions of the software, including versions of ABBYY Russia and ABBYY USA
2  OCR software released in or about 2003, 2005, and 2007.

3      54.    ABBYY Russia and ABBYY USA's use of the Nuance Packaging
4  Trade Dress is likely to cause confusion, mistake, or deception as to the source,
5  sponsorship, affiliation, or approval of ABBYY Russia and ABBYY USA's
6  products.  Further, ABBYY Russia and ABBYY USA's acts described above
7  constitute false representations of fact that are also likely to cause confusion,
8  mistake, or deception as to the source, sponsorship, affiliation, or approval of
9  ABBYY Russia and ABBYY USA's goods.

10     55.    Because of the confusion as to source engendered by ABBYY Russia
11  and ABBYY USA's use of the Nuance Packaging Trade Dress, purchasers are
12  likely to purchase goods sold by ABBYY Russia and ABBYY USA believing they
13  are Nuance's products, associated or affiliated with Nuance, or sponsored or
14  endorsed by Nuance, thereby resulting in a loss of sales for Nuance.

15     56.    Because of the confusion as to source engendered by ABBYY Russia
16  and ABBYY USA's use of the Nuance Packaging Trade Dress, Nuance's valuable
17  goodwill is at the mercy of ABBYY Russia and ABBYY USA, and the quality, or
18  lack thereof, of ABBYY Russia and ABBYY USA's related goods.  ABBYY
19  Russia and ABBYY USA's conduct threatens irreparable injury to Nuance's
20  goodwill, business, and reputation.

21     57.    ABBYY Russia and ABBYY USA's actions in violation of Nuance's
22  trade dress rights have been willful, malicious, and in complete disregard of
23  Nuance's interests.

24     58.    Nuance has been damaged by, and ABBYY Russia and ABBYY USA
25  have profited from, ABBYY Russia and ABBYY USA's wrongful conduct in an
26  amount to be proven at trial.

27     59.    ABBYY Russia and ABBYY USA's wrongful conduct has caused
28  and is continuing to cause irreparable injury to Nuance and to the business,

1 | reputation, and goodwill represented thereby, and unless enjoined will cause
2 | further irreparable injury, from which Nuance has no adequate remedy at law.

3 |     60.    As a consequence of ABBYY Russia and ABBYY USA's
4 | infringement of Nuance's rights, Nuance is entitled to an injunction as set forth
5 | below, an order of destruction of all ABBYY Russia and ABBYY USA's
6 | infringing materials, ABBYY Russia and ABBYY USA's profits, Nuance's
7 | damages, and Nuance's costs of action. Moreover, because this is an exceptional
8 | case, involving willful misconduct by ABBYY Russia and ABBYY USA, Nuance
9 | is entitled to recover treble damages, treble profits, and attorneys' fees.

**COUNT SEVEN – COMMON LAW TRADE DRESS INFRINGEMENT**

**(Against ABBYY Russia and ABBYY USA)**

12 |     61.    Nuance repeats and realleges the allegations of paragraphs 11 through
13 | 14 and 52 through 60.

14 |     62.    ABBYY Russia and ABBYY USA's conduct constitutes willful trade
15 | dress infringement under the common law of the State of California.

16 |     63.    ABBYY Russia and ABBYY USA's actions described above have
17 | greatly and irreparably damaged Nuance and will continue to damage Nuance
18 | unless enjoined by this Court. Nuance is entitled to an injunction as well as
19 | damages to be proved at trial. Moreover, because of ABBYY Russia and ABBYY
20 | USA's willful and malicious conduct, Nuance is entitled to exemplary damages in
21 | an amount to be determined by a jury.

**COUNT EIGHT – COMMON LAW UNFAIR COMPETITION**

**(Against ABBYY Russia and ABBYY USA)**

24 |     64.    Nuance repeats and realleges the allegations of paragraphs 11 through
25 | 14 and52 through 63.

26 |     65.    ABBYY Russia and ABBYY USA's acts as described above
27 | constitute unfair competition in violation of the common law of the State of
28 | California.

66.    ABBYY Russia and ABBYY USA's acts described above have greatly and irreparably damaged Nuance and will continue to damage Nuance unless enjoined by this Court.  Nuance is entitled to an injunction as set forth below, as well as damages to be proved at trial.

**COUNT NINE – UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE § 17200 et seq.**

**(Against ABBYY Russia and ABBYY USA)**

67.    Nuance repeats and realleges the allegations of paragraphs 11 though 14 and 52 through 66.

68.    ABBYY Russia and ABBYY USA's use of trade dress that is identical or confusingly similar to that used by Nuance constitutes unfair deceptive, untrue, and misleading advertising.

69.    ABBYY Russia and ABBYY USA's acts described above are unlawful, unfair, or fraudulent business acts or practices, constituting unfair competition in violation of California Bus. & Prof. Code § 17200 et seq.

70.    ABBYY Russia and ABBYY USA's acts described above have greatly and irreparably damaged Nuance and will continue to damage Nuance unless enjoined by this Court.  Accordingly, Nuance is entitled to an injunction under Cal. Bus. & Prof. Code § 17203, as well as restitution and disgorgement of ABBYY Russia and ABBYY USA's profits.

**COUNT TEN – FALSE AND DECEPTIVE ADVERTISING IN VIOLATION OF CAL. BUS. & PROF. CODE § 17500 et seq.**

**(Against ABBYY Russia and ABBYY USA)**

71.    Nuance repeats and realleges the allegations of paragraphs 11 through 14 and 52 through 70.

72.    ABBYY Russia and ABBYY USA's ongoing offers to sell its goods in connection with the Nuance Packaging Trade Dress are disseminated to and received by the public in California.  ABBYY Russia and ABBYY USA have

engaged in these actions with the intent to sell its goods, and/or to induce the public to purchase ABBYY Russia and ABBYY USA's goods.  Such actions (which are likely to deceive the public as to the source, sponsorship, affiliation, or approval of ABBYY Russia and ABBYY USA's goods) constitute unfair, deceptive, untrue, or misleading advertising under Cal. Bus. & Prof. Code § 17500 et seq.

73.   ABBYY Russia and ABBYY USA's acts described above have greatly and irreparably damaged Nuance and will continue to damage Nuance unless enjoined by this Court.  Accordingly, Nuance is entitled to an injunction under Cal. Bus. & Prof. Code § 17535, as well as restitution and disgorgement of ABBYY Russia and ABBYY USA's profits.

## PRAYER FOR RELIEF

Wherefore, Nuance prays for judgment that:

1.   ABBYY Russia, ABBYY USA and Lexmark have each directly infringed, contributed to the infringement of, and induced infringement of the '053, '489, '983, '342, and '009 patents;

2.   ABBYY Russia, ABBYY USA and Lexmark have each willfully infringed, willfully contributed to the infringement of, and willfully induced infringement of the '053, '489, '983, '342, and '009 patents;

3.   Permanently enjoins ABBYY Russia, ABBYY USA and Lexmark, each of their officers, agents, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with any one of them, from infringing the '053, '489, '983, '342, and '009 patents;

4.   Awards Nuance damages adequate to compensate for ABBYY Russia's, ABBYY USA's and Lexmark's infringement of the '053, '489, '983, '342, and '009 patents together with interest and costs;

5.   Trebles the damages assessed pursuant to 35 U.S.C. § 284;

6.   Preliminarily and permanently enjoins ABBYY Russia and ABBYY USA, their subsidiaries, parent, and affiliated companies, successors, assigns, officers, directors, agents, partners, servants, and employees of those companies or individuals, and all others in active concert or participation with ABBYY Russia and ABBYY USA, from using any of Nuance's trade dress, in particular the Nuance Packaging Trade Dress or any trade dress that is likely to cause confusion with any of Nuance's trade dress;

7.   Requires ABBYY Russia and ABBYY USA to destroy all infringing packaging;

8.   Orders ABBYY Russia and ABBYY USA to file with the Court and serve on Nuance within 30 days of the Order an affidavit setting forth in detail the manner in which they have complied with the terms of the Order;

9.   Requires ABBYY Russia and ABBYY USA to account for and pay to Nuance treble the amount of all profits derived by ABBYY Russia and ABBYY USA as a result of the acts alleged under counts six to ten;

10.   Requires ABBYY Russia and ABBYY USA to pay to Nuance treble the amount of all damages incurred by Nuance by reason of ABBYY Russia and ABBYY USA's acts alleged under counts six to ten;

11.   Orders ABBYY Russia and ABBYY USA to make restitution to Nuance for the amounts derived by virtue of ABBYY Russia and ABBYY USA's unfair business practices;

12.   Awards Nuance the costs of this action, together with reasonable attorneys' fees and disbursements; and

1

2       13.    Awards such other and further relief as this Court may deem proper.

3

4  Dated:  February 19, 2008          WILSON SONSINI GOODRICH & ROSATI
                                  Professional Corporation

5

6

7                             By: _____
                                  Tung-On Kong

8                          Attorneys for Plaintiff
                        NUANCE COMMUNICATIONS, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2                           **<u>DEMAND FOR JURY TRIAL</u>**

3           Plaintiff Nuance hereby demands a trial by jury.

4

5   Dated:  February 19, 2008          WILSON SONSINI GOODRICH & ROSATI
                                       Professional Corporation
6

7                                      By: _____
                                              Tung-On Kong
8                                      Attorneys for Plaintiff
                                       NUANCE COMMUNICATIONS, INC.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Tung-On Kong (CA Bar # 205871); tkong@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
One Market Street, Spear Tower, Suite 3300
San Francisco, California 94105-1126
(415) 947-2000
Attorney for Plaintiff Nuance Communications, Inc.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUANCE COMMUNICATIONS, INC. <br> a Delaware Corporation <br> PLAINTIFF(S) <br> v. <br> ABBYY SOFTWARE HOUSE <br> See Attached <br> DEFENDANT(S). | CASE NUMBER <br><br> **CV08-01097 VBF (FFMx)** <br><br> **SUMMONS** |

TO:    DEFENDANT(S): _____

A lawsuit has been filed against you.

Within ___20___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Tung-On Kong_____, whose address is _WSGR, One Market St., Spear Tower, Suite 3300; San Francisco, CA 94105_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

**FEB 19 2008**

Dated: _____

By: _Natalie Longoria_
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

SUMMONS

1  TERRY KEARNEY, State Bar No. 160054
   tkearney@wsgr.com
2  JULIE M. HOLLOWAY, State Bar No. 196942
   jholloway@wsgr.com
3  WILSON SONSINI GOODRICH & ROSATI, P.C.
   650 Page Mill Road
4  Palo Alto, CA 94304-1050          **BY FAX**
   Telephone: (650) 493-9300
5  Facsimile:  (650) 493-6811

6  TUNG-ON KONG, State Bar No. 205871
   tkong@wsgr.com
7  WILSON SONSINI GOODRICH & ROSATI, P.C.
   One Market Street
8  Spear Tower, Suite 3300
   San Francisco, CA 94105-1126
9  Telephone: (415) 947-2000
   Facsimile:  (415) 947-2099

10
   Attorneys for Plaintiff
11 NUANCE COMMUNICATIONS, INC.

12            UNITED STATES DISTRICT COURT

13           CENTRAL DISTRICT OF CALIFORNIA

14                 WESTERN DIVISION

15 NUANCE COMMUNICATIONS, INC., a )   CASE NO.:
   Delaware Corporation,          )
16                                )   **COMPLAINT FOR PATENT**
              Plaintiff,          )   **INFRINGEMENT, TRADE**
17                                )   **DRESS INFRINGEMENT,**
       v.                         )   **UNFAIR COMPETITION,**
18                                )   **AND FALSE AND**
   ABBYY SOFTWARE HOUSE, a Russian )  **DECEPTIVE ADVERTISING**
19 Corporation;                   )
                                  )
20 ABBYY USA SOFTWARE HOUSE, a    )   **DEMAND FOR JURY TRIAL**
   California Corporation          )
21                                )   **BY FAX**
   LEXMARK INTERNATIONAL, INC., a )
22 Delaware Corporation           )

23 _____Defendants._____

24        Nuance Communications, Inc. ("Nuance") hereby alleges for its complaint

25 against defendants ABBYY Software House, ABBYY USA Software House, Inc.

26 (collectively "ABBYY") and Lexmark International, Inc. ("Lexmark") on personal

27 knowledge as to its own actions and upon information and belief as to actions of

28 others, as follows:

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Valerie Baker Fairbank and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

### CV08- 1097 VBF (FFMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [_] **Southern Division** | [_] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| NUANCE COMMUNICATIONS, INC. | ABBYY SOFTWARE HOUSE<br>ABBYY USA SOFTWARE HOUSE, INC.<br>LEXMARK INTERNATIONAL, INC. |

| (b) County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):<br>Middlesex County | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only): |
|---|---|

| (c) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Tung-On Kong (State Bar # 205871)<br>WILSON SONSINI GOODRICH & ROSATI<br>One Market Street, Spear Tower, Suite 3300<br>San Francisco, California 04105-1126 | Attorneys (If Known) |
|---|---|

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☐ No    ☑ MONEY DEMANDED IN COMPLAINT: $ Unspecified

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
35 U.S.C. Section 271
Patent Infringement

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities /Exchange | | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☑ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☑ No  ☐ Yes

If yes, list case number(s):

**CV08-01097**

**FOR OFFICE USE ONLY:**   Case Number:

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☐ No ☑ Yes

If yes, list case number(s): 08-C-0042-S (W.D. Wisc.) - dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i)

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)    ☐ A.  Arise from the same or closely related transactions, happenings, or events; or

☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

☑ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.

NUANCE COMMUNICATIONS, INC., Massachusetts

List the California County, or State if other than California, in which **EACH** named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.

ABBYY SOFTWARE HOUSE, Russia
ABBYY USA SOFTWARE HOUSE, INC., Alameda County, California
LEXMARK INTERNATIONAL, INC., Kentucky

**List the California County,** or State if other than California, in which **EACH** claim arose. (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.

Los Angeles

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____    Date _____2/19/2008_____

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |